*Arnold Green & Samuel W. K. Allen,* for plaintiff.
*A. & A. D. Payne,* for defendant.

---

## NEWPORT COUNTY

MARY A. KING *et al. vs.* LE ROY KING *et als.*

Residuary testamentary provision as follows:

" Whatever may remain of my estate after the of the charges herein made thereon I give, devise, and bequeath to my said wife M. A. K., and to my several children, and my will is, and I hereby order and direct my executrix and executors and trustees, to add the same to the legacies of my said wife and children herein given to them, in proportion to the legacies I have herein given them; that is, my said wife shall have five times as much thereof as either one of my said children, and the sums which pass under this clause of

my will shall be paid to them or to their trustees in the same manner as the legacy of one hundred thousand dollars is to be paid."

The testator in a previous clause of his will gave to each of his children the sum of one hundred thousand dollars, and provided, "but said legacy shall not be paid to any child until that child shall have arrived at the age of twenty five years.

*Held,* that the gifts to the widow and children vested on the testator's decease.

*Held,* further, that "after the of the charges herein made" might be construed "subject to the charges."

*Held,* further, that the residue might be divided and paid to the widow and to the children above the age of twenty five years and appropriated by designation to the children under that age.

*Held,* further, that the divided shares so appropriated to the younger children should each profit by its own gains and bear its own losses.

It appearing that the residue, if held undivided, would be chargeable: *first,* with the legacies till paid; *second,* with six *per centum* interest thereon; *third,* with all the taxes of the estate ; *fourth,* with the expenses of the trust; so that each child should receive $100,000, with his unpaid balance of interest and be entitled with the other legatees to his share of the residue:

*Held,* that in case of division and appropriation a guaranty fund should be created either by reservation from the residue, or by security from the residuary legatees taking their shares, to provide for the interest, taxes, and expenses.

*Held,* further, that each appropriated share was by the provisions of the will entitled absolutely to six *per centum* interest, and was chargeable proportionately for taxes and trust expenses.

BILL IN EQUITY to construe a will and for administration.

The will in question and the former opinion of the court in this case are given in 13 R. I. 501 *sq.*

*Providence, February* 24, 1883. DURFEE, C. J. This case is before us now on a motion which calls for a construction of the last part of the residuary clause of the will of the late Edward King. The will gives to the widow, after the payment of debts and funeral expenses, the homestead estate, reserving building lots out of it for the children. It also gives her the furniture, carriages, &c., and a legacy of $500,000 to be paid to her as and when required by her, with six per cent. interest, from the testator's decease. It gives to each of the seven children the sum of $100,000 to be paid at the age of twenty five years, with interest at six per cent. from the testator's decease ; so much of the interest as may be required for the maintenance and use of the children to be paid to them from time to time, the rest to be added to the legacies. It then makes smaller bequests, including an annuity and a devise of real estate. It then gives the residue, evidently meaning the property not specifically given nor required for debts, to the executors as trustees with large discretionary

powers, to be used in the management and conversion of the estate, for the payment of the legacies and other purposes of the will. The closing words, which we have to construe, are as follows, to wit : " Whatever may remain of my estate after the [1] of the charges herein made thereon, I give, devise, and bequeath to my said wife, Mary Augusta King, and to my several children ; and my will is, and I hereby order and direct my executrix and executors and trustees, to add the same to the legacies of my said wife and children herein given to them, in proportion to the legacies I have herein given them ; that is, my said wife shall have five times as much thereof as either of my said children, and the sums which pass under this clause of my will shall be paid to them or to their trustees in the same manner as the legacy of one hundred thousand dollars is to be paid."

The question is whether this ultimate residue can be paid or conveyed immediately to the widow and such of the children as have reached the age of twenty five years, and be appropriated by designation to the children who have not reached that age, the legacies being set apart for them, or must remain undivided in the hands of the executors and trustees until the youngest child can have his legacy paid to him.

The will is dated August 19, 1875. The testator died September 2, 1875. The youngest child was then six years old. The oldest was twenty three years old. It thus appears that if the residue is kept undivided until the youngest child attains the age of twenty five years, it will be so kept for nearly nineteen years, a very long time for the widow and the older children to wait. The testator does not seem to have contemplated accumulation, nor is there any reason outside the clause for supposing that he intended to benefit the younger children at the expense of the older or of the widow. On the contrary, a dominant purpose of the will evidently was to keep the family united, with the mother as the centre of it, commanding by her superior position the love and obedience of her children. It is therefore extremely difficult to believe that it was the intention of the testator to withhold their portions of the residue from the widow and the older chil-

---

[1] So in the will.

dren for nineteen years. The widow and some of the children might not improbably die, as two of the children have already died, before the expiration of that period.

We think the gifts to the widow and children were not contingent, but vested immediately on the decease of the testator, the payment or possession only being delayed. 2 Jarman on Wills, 5th Amer. ed. *806, n. 7. We do not consider the word " after " in the phrase " whatever may remain of my estate after the of the charges," &c., as decisive; for we agree with counsel that the word " after " may be construed to mean " subject to," if such a construction comports with the context of the will. The word must clearly be construed so where it occurs in the beginning of the will in the phrase " after the payment of my debts and funeral expenses." And see *Minot* v. *Amory et als.* 2 Cush. 377, 387; *Lamb* v. *Lamb*, 11 Pick. 371, 377. But if we construe " after " as equivalent to " subject to," the question recurs : If the residue be subject to the legacies, must it not be retained as a fund for their payment until they are all discharged? The entire residue here, so long as retained undivided, will be chargeable : *first*, with the legacies till paid; *second*, with six per cent. interest thereon; *third*, with all the taxes; *fourth*, with the costs and charges of the trust, so that each of the unpaid legatees will have, when paid, his $100,000 free and clear, along with his unpaid balance of interest at six per cent., and be entitled equally with the other legatees in the ultimate residue. It is evident, therefore, that the retention of the residue is a matter of considerable moment to them; for if the residue be divided out without reservation or guaranty, all losses of principal or interest, and all charges for taxes or expenses, will fall exclusively on the unpaid legatees. It is because this is so that we have hesitated to sanction the immediate division and appropriation which are asked for, and we were at first inclined to think it could not be permitted.

So far as possible, however, the will ought to be construed and carried into effect in a reasonable manner. If the rights of the younger children ought not to be improperly imperilled, neither ought the rights of the widow and the older children to be unnecessarily sacrificed, but the rights of all, so far as possible, should be alike cared for and protected. And in this view courts of equity

have countenanced and allowed a considerable latitude of accommodation in the execution of testamentary trusts. Accordingly, it has been decided that if it clearly appears that a surplus will remain after providing for all liabilities and charges, although the exact amount of the surplus cannot be presently ascertained, the court will direct that enough be retained to meet the liabilities, and that the balance be distributed *pro rata* to the legatees. 3 Williams on Executors, 1388, 1389. And so too when a legacy is payable *in futuro*, the court will sometimes order an appropriation *in præsenti* to answer for the future payment.

In many of the cases the suit for the appropriation was instituted by or in behalf of the legatee, and in such cases it seems to be a matter of course for the English chancery courts to direct its appropriation. *Ferrard* v. *Prentice*, Amb. 273 ; *Walker* v. *Cooke*, cited in *Green* v. *Pigot*, 1 Bro. C. C. 105; *Johnson* v. *Mills*, 1 Ves. 282 ; *Carey* v. *Askew*, 2 Bro. C. C. 58 ; *Governesses' Benevolent Institution* v. *Rusbridge*, 18 Beav. 467. It is held, moreover, that when the appropriation is made under the direction of the court, though on application of the trustee, all parties are bound, and the legatee must bear any losses and enjoy any additions accruing to the investment. *Green* v. *Pigot*, 1 Bro. C. C. 105 ; *Burgess* v. *Robinson*, 3 Meriv. 7, 9. But if the appropriation be proper for the benefit of the specific, it should likewise be permitted for the relief of the residuary, legatee. And so the courts hold. In *Webber* v. *Webber*, 1 Sim. & Stu. 311, where a legacy of £10,000 was given payable on a contingency, the court directed the whole residue, not required for existing liabilities, to be paid over to the residuary legatee on giving security to pay the contingent legacy when due. In *Merritt* v. *Richardson et als.* 14 Allen, 239, legacies were given to minor children, payable half at twenty one and half at twenty six years of age, and it was held that the residue, after reserving enough to pay the legacies, should be divided. In *Nutter* v. *Vickery*, 64 Me. 490, the will gave to the widow an annuity of $600, to the testator's sister a legacy of $1,200, and the residue to the sister's children. The court held, the sister having died, that the residue, except interest bearing securities sufficient to pay the annuity, might be distributed, the residuary legatees giving security to refund so much as might be

required, in case of unforeseen casualties, to satisfy the widow's annuity. And so, in the unreported case of *Parsons* v. *Peckham et als.*, decided by this court at its March Term, 1870, the trustees were directed to pay over or convey a residue, after reserving a guaranty fund and taking bond to secure the payment of a contingent legacy.

The suit here in its present aspect has assumed the character of a general administration suit. It is entirely amicable, and all the parties, while they desire their own rights, are nevertheless solicitous for each other, so that there can be no impropriety in dealing with the suit as having the form in which the paramount purposes of the will can be best promoted. We have, therefore, in view of the just claims of the different legatees, and especially of the widow, under the general design of the will, come to the conclusion, after careful consideration, that the appropriation should be permitted. We likewise think that after the appropriation, the legacies and portions of the younger children having been set apart for them, it will be right for them respectively, according to the rule enounced in *Burgess* v. *Robinson*, 3 Meriv. 7, to bear the losses and profit by the gains to the stocks, funds, and other property in which their legacies and portions are assigned. They will naturally profit by the gains, and it will therefore be no more than reasonable, the apportionment being fair, for them to abide by the losses. We think, however, that they are entitled absolutely to their six per cent. interest on their specific legacies, as provided by the will, and to be charged only in proportion to their shares of the residue for taxes and for the expenses of the trust; and, therefore, we think provision should be made for any deficiency of the interest, which may accrue from the funds set apart for the specific legacies, and for the proportional relief of such legacies from taxes and other charges. This can be accomplished either by reserving a guaranty fund out of the residue, or by taking security from the residuary legatees when they severally receive their portions, as may be considered most expedient.

The cause was referred to a master, and commissioners of partition were appointed. After their reports came in the following final decree was entered:

Final decree entered *March* 19, 1883. " *The above entitled cause coming on to be heard upon the master's report, and upon the report of the commissioners to make partition of the estates described in the said reports, after a full hearing of the respective parties :*

" *It is ordered, adjudged, and decreed that the report of the said commissioners appointed to make partition of the real estate described in the complainants' bill and exhibits be and the same is hereby confirmed. The parts of the said real estate assigned to George Gordon King, Mary Le Roy King, Edith Edgar King, and Alexander Mercer King, respectively, to be and remain in the hands of their respective trustees, as directed by the last will and testament of Edward King, and to be in all respects subject to the powers and duties conferred and imposed upon said trustees or upon any of them by the said will, until the said persons arrive respectively at the age of twenty five years. And that the report of Francis B. Peckham, Esquire, master, to set apart and to put up the legacies of the said George Gordon King, Mary Le Roy King, Edith Edgar King, and Alexander Mercer King be and the same is hereby confirmed. And that the said legacies, with the securities in which the same are invested, and the respective shares of the said George Gordon, Mary Le Roy, Edith Edgar, and Alexander Mercer, as reported by said master, in the said residue of the personal estate and the securities in which the same are invested, be paid over and delivered to their respective trustees. And that the said several legacies and shares shall be held by the trustees named in the said last will and testament of the said Edward King for the persons entitled thereto, with all the powers and subject to all the duties in all respects as provided in the said last will and testament. And that the shares of the residue of the said personal estate of the said Edward King, and the securities in which the same are invested, belonging to Mary A. King and Le Roy King, as reported by said master, be paid over and delivered to them respectively.*

" *This decree is subject, however, to the following provisions : the said Mary A. King, before she shall be entitled to receive her share in the said residuary estate, shall give three several bonds as follows : one to Mary Le Roy King in the penal sum of ten thousand dollars ; one to Edith Edgar King in the penal sum of fifteen thousand dollars ; and one to Alexander Mercer King in the penal sum*

*of thirty five thousand dollars. The said Le Roy King and George Gordon King, before they shall be entitled to receive their respective shares in said residue, shall each give three several bonds as follows: one to Mary Le Roy King in the penal sum of two thousand dollars; one to Edith Edgar King in the penal sum of three thousand dollars; and one to Alexander Mercer King in the penal sum of seven thousand dollars; all of which said bonds shall be filed in the registry of this court, and conditioned that the said obligors shall pay annually to the said obligees their respective proportions, as is hereinafter recited, of any difference there may be between the sum of six thousand dollars and the income derived by the said Mary, Edith, and Alexander, respectively, from the interest on the securities set apart for their specific legacies, or from the interest from any securities which may be taken by the said trustees in place thereof; and also conditioned to pay such further sum as shall subject the said Mary, Edith, and Alexander to be charged only in proportion to their respective shares of the said residue for taxes and for the expenses of the trust until the said Mary, Edith, and Alexander, respectively, arrive at the age of twenty five years. And it is further ordered and decreed that the said Mary and Edith upon their arrival at the age of twenty five years, or upon the appointment of any trustee of their estate under the provisions of said last will and testament of said Edward King, shall be entitled to receive their specific legacies of one hundred thousand dollars each, or have the same paid to their said trustee, but shall not have their respective proportions of the residue paid to them or their trustees until the said Alexander Mercer arrives at the age of twenty five years, or until they the said Mary and Edith, or their said trustee, as the case may be, shall respectively execute a proper bond to or for the benefit of such of the said persons as shall not then have arrived at the age of twenty five years, upon the like conditions as to payment and security as the bonds hereinbefore required to be given by the said Mary A. King, Le Roy King, and George Gordon King; the payments required by this decree to be made by the before mentioned persons each to be in the proportion which their respective share in said residuary estate bears to the entire residuary estate of the said Edward King.*

*" And it is further ordered and decreed that the report of the*

*said master finally settling the accounts of the executors of the said last will and testament of the said Edward King be and the same is hereby confirmed.*

" *And it is further ordered that the costs and expenses incident to this suit be paid by the parties hereto in proportion to their respective interests in the estates described in the pleadings. And it is hereby further ordered that a copy of this decree and of the report of the commissioners herein to make partition of the premises described in the complaint, and the report of the said master, be recorded in the land records and in the records of the Probate Court in the City of Newport.*"

*William P. Sheffield & William P. Sheffield, Jun.,* for complainants.